650

# CIRCUIT COURT OF THE CITY OF ALEXANDRIA

Kathleen Dolan

v.

James Daniel Dyer
and Tamara Dyer

Case No. CL010763

Anonymous Mother

v.

Diocese of Arlington
and Principal Jane Doe

Case No. CL010340

June 17, 2002

BY JUDGE JOHN E. KLOCH

This matter came upon the defendants' demurrer to Count II for lack of personal jurisdiction. After considering the legal memoranda and arguments of counsel, I am of the opinion that the defendants have made a general appearance in this case and have waived any objection to personal jurisdiction.

The plea in bar and demurrer were both filed on January 31, 2002. A hearing on these matters was noticed for March 13, 2002, and then rescheduled with the agreement of both parties. In the meantime, counsel for the plaintiff brought a motion to consolidate. On March 14, 2002, Judge Swersky entered an order granting the plaintiff's motion. This order noted that it was rendered after consideration of the arguments of counsel and was signed by counsel for the defendants' as "seen and objected to." The defendants' did not argue their demurrer until March 27, 2002.

This case turns on whether the defendants' appearance has been general or special. "Any action on the part of the defendant, except to object to the jurisdiction, which recognizes the case as in court, will amount to a general appearance." *Brown v. Burch*, 30 Va. App. 670, 677 (1999) (citing *Maryland Casualty Co. v. Clintwood Bank, Inc.*, 155 Va. 181, 186 (1930)); *see also* Bryson, *Virginia Civil Procedure*, p. 141 (3d ed. 1997) ("A general appearance . . . is made by taking any step that implies submission to the jurisdiction of the court. Since public policy favors the settlement of disputes by litigation rather than by self help force, the courts are quick to find appearances.").

I am of the opinion that by appearing before this court and arguing against the motion to consolidate, the defendants have entered a general appearance and have waived objection to personal jurisdiction. Accordingly, the demurrer to Count II is overruled. For the reason that plaintiff has conceded that the allegations contained in Court I are time barred, the Plea in Bar is granted.